UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**JEAN Y. DUPLESSIS and**                               Chapter 11
**VIRGINIA L.DUPLESSIS,**                               Case No. 06-14747-JNF
    Debtors

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

The matter before the Court is the Motion for Relief from Order Denying Relief from Order of Dismissal. The facts necessary to determine the Motion are not subject to dispute.

The Debtors filed a voluntary Chapter 11 petition on December 13, 2006. On their petition, they disclosed that they had filed a prior case, Case No. 06-13821-JNF. The Court takes judicial notice that this case was a Chapter 7 case and that it was dismissed on November 20, 2006 because, among other deficiencies, the Debtors, who were appearing pro se, failed to file evidence of prepetition credit counseling in accordance with the provisions of 11 U.S.C. § 109(h).

On the same day the Debtors filed their second petition, they each filed a "Certificate

1

of Debtor Education" dated November 14, 2006,[1] which pleadings were given a document number of "3." Notably, the Certificates of Debtor Education filed by the Debtors with their second petition contain the case number of their prior case.

On December 15, 2006, the Court issued an "Order Regarding Electronically Filed Document," advising the Debtors to re-file document number 3 within two days. On December 16, 2006, in response to the Court order, the Debtors each filed a "Certificate of Credit Counseling" dated December 15, 2006. The Certificate filed for Virginia Duplessis provides the following:

> I CERTIFY that on <u>December 15, 2006</u>, at <u>8:01</u> o'clock <u>PM EST</u> <u>Virginia L. Duplessis</u> received from Institute for Financial Literacy Inc. an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Massachusetts</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.
> A debt repayment plan <u>was not prepared.</u> If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate. This counseling session was conducted by internet and telephone.
>
> Date: <u>December 15, 2006</u>          By     <u>/s/ Michael Kane</u>
>                                        Name <u>Michael Kane</u>
>                                        Title  <u>Credit Counselor</u>
>
> *Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of te debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Jean Duplessis filed an identical certificate which reflected receipt of *post-petition* credit

---

[1] The date of the "Certificate of Debtor Education" was one week before the dismissal of the Debtors' prior Chapter 7 case.

counseling.

On December 17, 2006, the Debtors filed a Motion for Continuation of Automatic Stay in which they represented that "they were unaware of the requirement of credit counseling prior to filing" and that "[a]fter the dismissal of the case, they worked with counsel to properly prepare for this case and fully intend to comply with all requirements." The Debtors attached an Affidavit to the Motion for Continuation of Automatic Stay in which they stated the following:

> [W]e did not know that we were required to have a credit counseling session prior to filing the [prior] case, nor did we know what we were required to do to continue with the case.
>
> After filing, we consulted an attorney and learned the requirements. With our attorney's assistance, we are better informed about our rights and obligations under the Bankruptcy Code, and believe that we can properly move the case forward to present a plan for resolving the mortgage defaults and paying creditors in accordance with the Bankruptcy Code.

On December 18, 2006, the Court issued an Order to Update directing the Debtors to file Certificates of Credit Counseling that complied with the requirements of 11 U.S.C. § 109(h) by January 2, 2007, as well as their Schedules, Statement of Financial Affairs, Statement of Attorney Compensation, Statement of Current Monthly Income and other documents. The Order to Update warned the Debtors in capital letters and bold type that their failure to file the missing documents by January 2, 2007 might result in the dismissal of their case. Two days later, on December 20, 2006, the Court scheduled the Motion for Continuation of Automatic Stay for hearing on January 10, 2007.

The Debtors failed to file Certificates of Credit Counseling reflecting their receipt of

prepetition credit counseling or any of the other documents set forth in the Order to Update on or before January 2, 2007. On January 5, 2007, the Court issued a Notice of Dismissal in which it observed that the Debtors had not filed Certificates of Credit Counseling showing that they received credit counseling within 180 days preceding the filing of their Chapter 11 petition.

Although the Debtors failed to respond to the Order to Update, they immediately filed a Motion for Relief from Order of Dismissal, coupled with a Motion for Emergency Consideration. In the Motion for Relief from Order, counsel to the Debtors cited a calendaring error on his part. The Debtors did not address the issue raised by the Court with respect to their failure to file evidence of receipt of prepetiton credit counseling.

On January 8, 2007, the Court denied the Motion for Relief from Order stating that the Debtors had failed to file Credit Counseling Certificates indicating that they received credit counseling within the 180-day period preceding the petition date in compliance with 11 U.S.C. § 109(h). The Court's order precipitated the Motion for Relief from Order Denying Relief from Order of Dismissal that is now before the Court.

In the instant Motion, the Debtors represented that they immediately contacted the credit counseling agency upon learning that they had filed the wrong certificates and obtained the certificates dated December 15, 2007, which they filed on December 16, 2007. They further represented that "[w]hile the certificates [i.e., those filed on December 16, 2006 as number 7] have a date on them which is two days post-petition, they believe that they received the proper pre-filing counseling and that the date on the certificates reflects the

4

date of issue, not the date of the counseling session." Their counsel observed, however, that "[i]t is unlikely that the debtors would know the difference unless it were described to them." Citing In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006), the Debtors concluded:

> Even if they did not receive the proper counseling . . . it *appears* that the error was that of the agency, not the debtors. Accordingly it would be a manifest injustice to dismiss the case, and dismissal is not required. . . .

(emphasis supplied).

This Court is not persuaded by the Debtors' arguments or their reliance upon In re Hess, where extraordinary circumstances were present in two bankruptcy cases before the Vermont court. In that case, in one instance, the debtor mistakenly relied upon a certificate of credit counseling from a non-approved credit counseling agency, and, in the other, the debtor's case was inadvertently filed prior to receipt of the credit counseling certificate due to the emergent medical problems of debtor's counsel. In the present case, the Debtors' prior case was dismissed for failure to obtain mandatory prepetition credit counseling. The Debtors sought the advice of counsel prior to filing their Chapter 11 petition with the purpose of avoiding the mistakes that had led to dismissal of their prior case. Ostensibly, they were fully cognizant of the need to obtain prepetition credit counseling but failed to obtain it.

Although the Debtors attempt to shift the blame to the credit counseling agency, they have not shown that they obtained prepetition credit counseling and are thus eligible to be debtors under the Bankruptcy Code. *See* 11 U.S.C. § 109(h). The Debtors did not support their contention that the credit counseling agency erred with any evidence. By

way of example, the Debtors could have, but did not, submit an affidavit from a representative of the credit counseling agency containing an admission that the wrong certificates were issued to the Debtors and that the Debtors, in fact, received prepetition credit counseling.

In view of the foregoing, the Court denies the Debtors' Motion for Relief from Order Denying Relief from Order of Dismissal. *See* Fed. R. Civ. P. 60, made applicable to this matter by Fed. R. Bankr. P. 9024; *see also* In re Wedgestone, 142 B.R. 7 (Bankr. D. Mass. 1992).

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: January 11, 2007
cc: David G. Baker, Esq., Christopher J. DeCosta, Esq., U.S. Trustee